**THE URBAN LAW FIRM**
Michael A. Urban, Nevada State Bar No. 3875
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
T: (702) 968-8087
F: (702) 968-8088
E: murban@theurbanlawfirm.com
*Attorney for Plaintiffs Jermaine Seagears
and Work or Don't Eat, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JERMAINE R. SEAGEARS, an individual; WORK OR DON'T EAT, LLC, a Nevada Limited Liability Company,<br><br>    Plaintiff,<br><br>vs.<br><br>JACQUEZ C. LINDSEY, individually and dba CLUTCH GAME GEAR; and DOES I through X, inclusive,<br><br>    Defendants. | **CASE NO.:**<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE ADVERTISING, CONTRIBUTORY TRADEMARK INFRINGEMENT, VICARIOUS TRADEMARK INFRINGEMENT, ACCOUNTING, AND CONVERSION** |

**COMES NOW** Plaintiffs, JERMAINE R. SEAGEARS and WORK OR DON'T EAT, LLC (collectively "Plaintiffs"), who hereby bring this Complaint against Defendants, JACQUEZ C. LINDSEY, an individual and dba CLUTCH GAME GEAR; and DOES I through X, inclusive (collectively "Defendants"), and allege as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs bring this action to put an end to Defendants' wrongful distribution, marketing, and sale in the United States, including this district, of products that infringe on Plaintiffs' trademarks.

2. Plaintiffs bring this action for trademark infringement, false advertising, contributory trademark infringement, and vicarious trademark infringement arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq*. (2009) ("Lanham Act") and for conversion under the common law.

139902

1

3. Plaintiffs bring this action at law and in equity and asks this Court to: (1) preliminarily enjoin Defendants from distributing, marketing, and selling infringing products; (2) permanently enjoin Defendants from distributing, marketing, and selling infringing products; (3) Order an accounting of the profits received by Defendants; (4) award Plaintiffs damages and treble that award; (5) Order Defendants to disgorge profits made from wrongful conduct; and (6) award Plaintiffs punitive damages and attorney's fees and costs.

**PARTIES**

4. Plaintiff Jermaine R. Seagears ("Seagears") is domiciled in and is a citizen of the State of Nevada.

5. Plaintiff Work or Don't Eat, LLC ("WODE") is a Nevada limited liability company, with its principal place of business located in Clark County, Nevada.

6. Upon information and belief, Defendant Jacquez Lindsey ("Lindsey" or "Defendant") is a resident of San Diego, California, who illegally manufactures, distributes, markets, and sells as WODE.

7. Upon information and belief, Defendant Jacquez Lindsey is the owner and "Lead Apparel Consultant" for Clutch Gear Gaming.

8. Upon information and belief, Defendant Clutch Gear Gaming is an athletic uniform manufacturer and distributor located in San Diego, California.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and under section 39 of the Lanham Act, Plaintiffs' 15 U.S.C. § 112.

10. This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants engage in interactive and commercial conduct, marketing, offering for sale, selling, and/or distributing the infringing products to residents of the United States and persons within the State of Nevada. Defendants transact and conduct business within the State of Nevada, and/or Defendants have otherwise established contacts within the State of Nevada sufficient to permit the exercise of personal jurisdiction.

11. This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants have otherwise made or established contacts within the state of Nevada because Defendants

1  knew or had reason to know he was infringing on intellectual property that is exclusively owned or
2  licensed by a Nevada company, and, as such, Defendants purposefully avails themselves of the
3  privileges and protections of the laws of the State of Nevada, such that traditional notions of fair play
4  and due process are not offended by this Court's exercise of jurisdiction.

5  12. This is a proper venue for this action under 28 U.S.C. §§ 1391(b)(2) and 1391(c)(2) because the
6  events that give rise to this occurred in this District, damaging WODE, an exclusively owned or licensed
7  Nevada company.

8  13. This is a proper venue under 28 U.S.C. §§ 1391(b)(3) because Defendants are subject to personal
9  jurisdiction in this Court for the reasons given above.

## OVERVIEW OF IMPORTANT EVENTS

11  14. Plaintiff Seagears launched WODE in 2013.

12  15. In Spring 2014, WODE began providing services including, but not limited to, motivational
13  speaking, sports performance training, and athletic apparel. The WODE logo, as well as the phrase,
14  "Work Or Don't Eat," quickly came to signify the reputation of the brand and services to the sporting
15  industry.

16  16. WODE is the owner of a federal trademark registration, Reg. No. 4,817,910, issued by the
17  USPTO on September 22, 2015, for the standard character mark "WORK OR DON'T EAT," which is
18  used for "Educational and entertainment services, namely, providing motivational speaking services in
19  the field of sports training and motivation; sports training services, in class 41 (U.S. CLS. 100, 101 and
20  107)." The trademark was paid for by Plaintiff Seager and filed under his and Plaintiff WODE's names.

21  17. WODE is the owner of a federal trademark registration, Reg. No. 5,300,665, issued by the
22  USPTO on October 3, 2017, for the standard character mark "WORK OR DON'T EAT," which is used
23  for "Athletic shirts; Beanies; Hats; Hooded sweatshirts; Shirts; Shorts; Socks; Sweatpants; T-Shirts."
24  The trademark was paid for by Plaintiff Seager and filed under his name and Plaintiff WODE's names.

25  18. Work Or Don't Eat, LLC is an active Domestic Limited-Liability company in Nevada. Plaintiff
26  Seagears is the only managing member and registered agent of Work Or Don't Eat, LLC.

27  …

19. Work Or Don't Eat, LLC was originally organized as a limited liability company in Maryland with one member and owner, Plaintiff Seagears. WODE, LLC's domestication in Nevada allows it to retain all assets, liabilities, and trademarks.

20. WODE is a motivational sports performance training company. The WODE brand was developed from the bible verse 2 Thessalonians 3:10. Plaintiff Seagears, through WODE, seeks to deliver the biblical message, "If you don't work, you will not eat," to his athletes.

21. On or about July 21, 2014, Defendant Lindsey contacted Plaintiff Seagears on-line to inquire about purchasing WODE apparel (shirt).

22. In addition to Defendant Lindsey's purchase of a WODE shirt, Defendant Lindsey asked Plaintiff Seagears for several pairs of WODE wristbands and socks. Defendant Lindsey claimed he wanted to distribute the apparel to the children in his community who were excelling in school and in sports. Defendant Lindsey told Plaintiff Seagears that he wanted to have all kids in San Diego Wearing WODE apparel because the brand embodies hard work.

23. At this point, Defendant Lindsey told Plaintiff Seagears that he was proud of Plaintiffs' accomplishments and wanted to help support WODE.

24. On or about July 31, 2014, Plaintiff Seagears thanked Defendant Lindsey for his purchase and interest in promoting WODE. To further explain WODE's ideals and mission statement, Plaintiff Seagears provided Defendant Lindsey with a detailed outline of WODE's services, which includes motivational speaking, sports training sessions, and clothing apparel.

25. Defendant Lindsey called Plaintiff Seagears to share his interest in helping build the WODE brand, though Plaintiff Seagears told Defendant Lindsey that he was focused on motivational speaking and training.

26. Plaintiff Seagears told Defendant Lindsey that he was not interested in adding partners or investors and that he was unable to pay for Lindsey's services, but Defendant Lindsey could help with the apparel aspect of the company. Defendant Lindsey told Plaintiff Seagears that he wanted to volunteer his time in order to help grow the WODE brand.

27. On or about January 14, 2015, Plaintiff Seagears requested Defendant Lindsey to be added to the business bank account through use of a debit card purely to print and ship customer orders. Defendant

Lindsey has never been a signatory on any business bank accounts of WODE, except through use of the provided debit card.

28. Defendant Lindsey, without expectation of compensation, placed Plaintiff Seagears in contact with an apparel printing vendor, Sean Brady, who would print apparel and provide Defendant Lindsey and professional baseball player Adam Jones with shirts to use for promotional purposes.

29. Plaintiff Seagears gave Defendant Lindsey an email account with WODE in order to receive customer order notifications from online orders and notify Plaintiff Seagears, so he could fill the orders for WODE.

30. Defendant Lindsey again volunteered to reach out to a second apparel printing vendor, Zon Sports, after Plaintiff Seagears was unhappy with the printing service mentioned in paragraph 28.

31. On or about March 30, 2015, Defendant Lindsey flew to Baltimore, Maryland, at his own cost to speak with Greater Moments, Inc., a sporting goods store, about carrying WODE apparel. WODE began selling apparel at Great Moments. This relationship ended in September of 2015.

32. The contract between Great Moments and WODE is the only place in which Defendant Lindsey is signatory to official WODE business.

33. In April 2015, after Plaintiff Seagears expressed disapproval of Defendant Lindsey using personal money for WODE business, Defendant Lindsey sponsored an event using the WODE name, after which he acknowledged his error and told Plaintiff Seagears he wouldn't do anything without Plaintiff Seagear's approval.

34. Plaintiff Seagears relocated to Las Vegas, NV in March 2015.

35. In May of 2015, a Las Vegas print shop took over all printing of WODE apparel, and Defendant Lindsey was no longer permitted to print apparel.

36. Defendant Lindsey's thereafter began printing infringed WODE products, without permission, including products that WODE does not sell, for himself, friends, and family.

37. Defendant Lindsey also began posting pictures to social media, marketing infringing merchandise that was not offered or produced by WODE, contrary to WODE's mission statement and purposes and again without permission.

139902

38. On or about October 15, 2015, Plaintiff Seagears removed Defendant Lindsey from the WODE email.

39. On or about December 1, 2015, Defendant Lindsey's counsel sent a demand letter to Plaintiff Seagears claiming Defendant Lindsey was an equity owner in WODE.

40. Plaintiff Seagears never signed a contract with Defendant Lindsey, though Defendant Lindsey wanted to.

41. On or about January 5, 2016, Plaintiff Seagears removed Defendant Lindsey from the WODE bank account. Plaintiff Seagears is the only member, manager, or employee on the account.

42. On or about March 24, 2016, Plaintiffs' former counsel responded to Defendant Lindsey's demand letter dated December 1, 2015, demanding that Defendant Lindsey immediately cease and desist any and all use of Plaintiffs' intellectual property.

43. Plaintiff Seagears reached out to RC Screen Printing in San Diego and San Diego City College to inquire about orders Defendant Lindsey had placed for production and sale, respectively, of products that infringe on Plaintiffs' trademarks.

44. About February 26, 2018, without approval from Plaintiffs, products bearing the WODE trademarks were being sold on a website affiliated with Defendant Clutch Game Gear, http://www.squareup.com/store/clutch-game-gear.

45. On May 9, 2019, Plaintiffs' counsel sent a final cease and desist letter to Defendant Lindsey, demanding he end all use of the WODE brand and logo and disgorge all income and profits made through the unauthorized use of the WODE brand and logo.

46. Defendant Lindsey continues to infringe upon WODE's intellectual property, marketing, branding, producing, and selling infringing products through the internet and social media channels.

## **FIRST CLAIM FOR RELIEF:**
## **TRADEMARK INFRINGEMENT**

47. Plaintiffs hereby incorporate the allegations of paragraphs 1 through 46, as set forth above, by reference.

48. Plaintiff WODE is the owner and registrant of both "Work Or Don't Eat" trademarks.

49. Plaintiffs used the trademarks before Defendants. Before Defendant Lindsey became involved with WODE, he was a customer.

50. Plaintiffs use and continue to use their federal trademarks to distribute their goods and services, specifically motivational speaking, athletic training, and apparel manufacturing, from those of others.

51. Defendants' acts constitute trademark infringement, violating Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a).

52. Defendants' imitation and use of Plaintiffs' WODE logo and slogan creates false and misleading information that Defendants' infringing products are manufactured and distributed by Plaintiffs, or are sponsored, affiliated, or have the approval of Plaintiffs, causing a likelihood of confusion and deception among consumers and the public.

53. Defendants' activities, including his marketing, production, and sale of infringing products are causing injury to Plaintiffs' standard of quality, good will, and reputation as embodied in the federally trademarked "WODE" and phrase, "Work Or Don't Eat."

54. Defendants, in bad faith, continue to make false or misleading representation of facts regarding Plaintiffs' trademarks and the status of Defendant's products, and as such, according to 15 U.S.C. § 1116, Plaintiffs are entitled to injunctive relief.

55. Pursuant to 15 U.S.C. § 1117 Plaintiffs are entitled to recover damages in an amount to be determined at trial, profits made by Defendants on sales of infringing products, and costs of this action. Additionally, Plaintiffs are informed and believe that the actions of Defendants were assumed willfully, wantonly, and maliciously with the purpose to deceive, confuse, or mistake, making this an exceptional case in which Plaintiffs are entitled to recover reasonable attorney's fees, costs, interest, punitive damages and treble damages.

56. Plaintiffs have been forced to retain the services of The Urban Law Firm to address the conduct complained of herein and is therefore entitled to recover all its attorney fees and costs associated with bringing this action.

…

…

…

139902

## SECOND CLAIM:

## FALSE ADVERTISING

57. Plaintiffs hereby incorporate the allegations of paragraphs 1 through 56, as set forth above, by reference.

58. Plaintiff WODE is the owner and registrant of both "Work Or Don't Eat" trademarks.

59. Defendants' association of its infringing products with the Plaintiffs' federal trademarks constitutes a false or misleading representation of fact regarding the status of Defendants' infringing products, under Section 43 of 15 U.S.C. § 1125.

60. Defendants' use false or misleading representation of fact in marketing, production, and sale of products marked with Plaintiffs' trademarks misrepresents the characteristics and nature of Defendants' products.

61. Defendants' false or misleading representations of fact were and still are material to consumer purchasing decisions because they are likely to influence purchasing decisions of target consumers looking to do business with Plaintiffs.

62. Defendants commercially advertise and promote the false or misleading products.

63. Defendants' products are promoted, sold, and distributed in interstate commerce.

64. Plaintiffs have been and continue to be injured by Defendants' false or misleading representations of fact through the diversion of sales and loss of good will, reputation and standard of quality.

65. Defendants know their representations of fact are false and misleading.

66. Defendants, in bad faith, continue to make false or misleading representation of facts regarding Plaintiffs' trademarks and the status of Defendants' products, and as such, according to 15 U.S.C. § 1116, Plaintiffs are entitled to injunctive relief.

67. Pursuant to 15 U.S.C. § 1117 Plaintiffs are entitled to recover damages in an amount to be determined at trial, profits made by Defendants on sales of infringing products, and costs of this action. Additionally, Plaintiffs are informed and believe that the actions of Defendants were assumed willfully, wantonly, and maliciously with the purpose to deceive, confuse, or mistake, making this an exceptional

139902

1  case in which Plaintiffs are entitled to reasonable attorney's fees, costs, interest, punitive damages and
2  treble damages.
3    68.  Plaintiffs have been forced to retain the services of The Urban Law Firm to address the conduct
4  complained of herein and is therefore entitled to recover all its attorney fees and costs associated with
5  bringing this action.

**THIRD CLAIM FOR RELIEF:**

**CONTRIBUTORY TRADEMARK INFRINGEMENT**

69.  Plaintiffs hereby incorporate the allegations of paragraphs 1 through 68, as set forth above, by reference.

70. Plaintiff WODE is the owner and registrant of both "Work Or Don't Eat" trademarks.

71. Defendants have provided or caused to be provided to retailers, distributors, and/or manufacturers apparel bearing the trademarks with knowledge and intent that the retailers and/or distributors would use the trademarks in connection with sale of the legal trademarks.

72. Defendants and the retailer and/or distributor have not been granted any right to use the trademarks in the United States. Plaintiffs demanded Defendants cease and desist use of the trademarks.

73. The unauthorized use of trademarks by retailer, distributor, and/or manufacturer as supplied by Defendants have caused and/or is likely to confusion, mistake, or deception regarding the source and/or affiliation of the infringing products manufactured and/or sold by retailer, distributor, and/or manufacturer.

74. Defendants have intentionally induced or contributed to or knowingly participated in the infringement of Plaintiffs' rights in the trademarks by Defendants and Defendants' retailer's, distributor's, and/or manufacturer's actions.

75. Defendants and retailer, distributor, and/or manufacturer continue to supply infringing products knowing that the each is using the product to engage in trademark infringement.

76. Plaintiff Seagears has contacted Defendants' retailer, distributor, and/or manufacturer about said trademark infringement.

77. Defendants have acted willfully and have profited or are likely to profit from the sales of products that infringe on Plaintiff Seagear's trademarks.

139902

78. Plaintiffs have been and continue to be injured by Defendants' false or misleading representations of fact through the diversion of sales and loss of good will, reputation and standard of quality.

79. Defendants' acts constitute contributory trademark infringement, violating Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a).

80. Defendants, in bad faith, continue to make false or misleading representation of facts regarding Plaintiffs' trademarks and the status of Defendants' products, and as such, according to 15 U.S.C. § 1116, Plaintiffs are entitled to injunctive relief.

81. Pursuant to 15 U.S.C. § 1117 Plaintiffs are entitled to recover damages in an amount to be determined at trial, profits made by Defendants on sales of infringing products, and costs of this action. Additionally, Plaintiffs are informed and believe that the actions of Defendants were assumed willfully, wantonly, and maliciously with the purpose to deceive, confuse, or mistake, making this an exceptional case in which Plaintiffs are entitled to recover reasonable attorney's fees, costs, interest, punitive damages and treble damages.

82. Plaintiffs have been forced to retain the services of The Urban Law Firm to address the conduct complained of herein and is therefore entitled to recover all its attorney fees and costs associated with bringing this action.

## FOURTH CLAIM FOR RELIEF:
## VICARIOUS TRADEMARK INFRINGEMENT

83. Plaintiffs hereby incorporate the allegations of paragraphs 1 through 82, as set forth above, by reference.

84. Plaintiff WODE is the owner and registrant of both "Work Or Don't Eat" trademarks.

85. Despite Defendants' ability and duty to control retailer, distributor, and/or manufacturer, Defendants have not tried to stop and, instead, encourages the production and sale of infringing products by retailer, distributor, and/or manufacturer.

86. Defendants are therefore vicariously liable for trademark infringement for the damages caused to Plaintiffs as a result of promotion, advertisement, and sale of infringing products in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a).

139902

87. Defendants have acted willfully and have profited or are likely to profit from the sales of products that infringe on Plaintiffs' trademarks.

88. Defendants, in bad faith, continue to make false or misleading representation of facts regarding Plaintiffs' trademarks and the status of Defendant's products, and as such, according to 15 U.S.C. § 1116, Plaintiffs are entitled to injunctive relief.

89. Pursuant to 15 U.S.C. § 1117 Plaintiffs are entitled to recover damages in an amount to be determined at trial, profits made by Defendants on sales of infringing products, and costs of this action. Additionally, Plaintiffs are informed and believe that the actions of Defendants were assumed willfully, wantonly, and maliciously with the purpose to deceive, confuse, or mistake, making this an exceptional case in which Plaintiffs are entitled to recover reasonable attorney's fees, costs, interest, punitive damages and treble damages.

90. Plaintiffs have been forced to retain the services of The Urban Law Firm to address the conduct complained of herein and is therefore entitled to recover all its attorney fees and costs associated with bringing this action.

## FIFTH CLAIM FOR RELIEF:

## CONVERSION

91. Plaintiffs hereby incorporate the allegation of paragraphs 1 through 90, as set forth above, by reference.

92. At all times mentioned herein, Plaintiffs were, and still are, entitled to possession of profits received by Defendants for selling products with the WODE logo.

93. Plaintiff WODE is the owner and registrant of both "Work Or Don't Eat" trademarks.

94. Beginning on or around July 2015, Defendants began promoting, advertising, offering for sale, and selling WODE's assets, including products that illegally use the WODE trademarks, inconsistent with Plaintiffs' enjoyment and use of their rights surrounding WODE assets.

95. Plaintiffs demanded Defendants cease and desist use of WODE logo, but Defendants have failed and refused and continues to fail and refuse to cease and desist use of WODE logo in connection with promoting, advertising, offering for sale, and selling WODE's asset. That failure and refusal constitutes

the wrongful withholding and conversion of profits from sales, and it has resulted in losses to Plaintiffs according to proof.

96. Plaintiffs are informed and believe, and thereon alleges, that Defendants' withholding and conversion of profits from selling products with the WODE logo was willful, wanton, malicious, and oppressive, and undertaken with the intent to defy Plaintiffs' rights in the property making this an exceptional case in which Plaintiffs are entitled to recover reasonable attorney's fees, costs, interest, punitive damages and treble damages.

97. Plaintiffs have been forced to retain the services of The Urban Law Firm to address the conduct complained of herein and is therefore entitled to recover all its attorney fees and costs associated with bringing this action.

## SIXTH CLAIM FOR RELIEF:
## ACCOUNTING

98. Plaintiffs hereby incorporate the allegation of paragraphs 1 through 97, as set forth above, by reference.

99. Defendants have never accounted for the profits received by them or their agents which were and continue to be wrongfully taken from the Plaintiffs despite a written demand by Plaintiffs to do so.

100. As a result of the wrongful taking of the property of Plaintiffs and resulting profits, Plaintiffs have not been unable to use and/or invest those profits. The amount of damages owed to Plaintiffs is unknown to Plaintiffs and cannot be determined without an accounting.

101. Defendants are in the best position to know the true and correct amount of profits derived from the infringing products.

102. Plaintiffs have been injured and damaged by Defendants' actions and, as such, demand the equitable remedy of accounting and Defendants to disgorge all profits from sales of the infringing products.

103. Plaintiffs are informed and believe that the actions of Defendants were assumed willfully, wantonly, and maliciously with the purpose to deceive, confuse, or mistake, making this an exceptional case in which Plaintiffs are entitled to recover reasonable attorney's fees, costs, interest, punitive damages and treble damages.

139902

104.     Plaintiffs have been forced to retain the services of The Urban Law Firm to address the conduct complained of herein and is therefore entitled to recover all its attorney fees and costs associated with bringing this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment in their favor and against all Defendants, jointly and severally, on their claims as follows:

1. Granting injunctive relief, enjoying Defendants from further infringement and falsely or misleadingly marketing of products with Plaintiffs trademarks;
2. Granting injunction and ordering the destruction of Defendants' products bearing false or infringing trademarks;
3. For an order directing Defendants to provide accounting/production of records.
4. Awarding damages to Plaintiffs adequate to compensate Plaintiffs for Defendants' actions of false and infringing marking, with pre-judgment and post-judgment interest thereon;
5. Awarding Plaintiffs the profits earned by Defendants from sales of infringing and falsely or misleadingly marked products, in an amount to be proved at trial;
6. Awarding punitive damages based on Defendants' willful and deliberate infringement and conversion of Plaintiffs' property;
7. Treble and enhance damages awarded as provided by 15 U.S.C. § 1117(b) due to Defendants' knowing and intentional use of a counterfeit trademark;
8. Finding this case to be exception pursuant to 15 U.S.C. § 1117(a) and, as such, award Plaintiffs reasonable attorney's fees, costs, interest, punitive damages and treble damages; and
9. Granting any other relief the Court deems just and proper.

…
…
…
…
…
…

139902

**JURY TRIAL DEMAND**

Plaintiffs do hereby request and demand that all claims be heard by a jury.

DATED this 3rd day of July, 2019.               **THE URBAN LAW FIRM**

 /s/ Michael A. Urban
Michael A. Urban, Nevada State Bar No. 3875
*Attorney for Plaintiffs*

139902