# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JERMAINE R. SEAGEARS, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>JACQUEZ C. LINDSEY DBA CLUTCH GAME GEAR,<br><br>Defendant. | Case No. 2:19-cv-01161-GMN-DJA<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the Court on Plaintiffs' Motion for Default Judgment (ECF No. 10), filed on August 26, 2019. To date, no response has been filed by Defendant. Plaintiffs filed a Notice of Non-Opposition and Proposed Order (ECF No. 12) on September 18, 2019. The Court finds this matter properly resolved without a hearing. *See* Local Rule 78-1.

## BACKGROUND

This matter concerns two trademarks of WORK OR DON'T EAT that were issued by the United States Patent and Trademark Office on September 22, 2015 and October 3, 2017, pursuant to Plaintiff Seagears' application. (Compl. ECF No. 1, ¶¶16-17). Plaintiff Seagears is the only managing member and the registered agent of Plaintiff Work Or Don't Eat, LLC, which is a motivational sports performance training company that produces apparel, provides motivational speaking, and sports training sessions. (*Id.* at ¶¶ 18-20). Defendant Linsey purchased a shirt from Work Or Don't Eat and discussed building the brand with Plaintiff Seagears. (*Id.* at ¶¶ 21-26). Defendant Lindsey was provided a debit card and email address to print and ship customer orders in a volunteer capacity. (*Id.* at ¶¶ 27-29). Additionally, Defendant Lindsey secured a contract with Greater Moments, Inc., a sporting goods store, to carry the Work Or Don't Eat apparel and was the signatory to that contract. (*Id.* at ¶¶ 31-32).

In May of 2015, Plaintiff Seagears had a Las Vegas print shop take over printing of Work Or Don't Eat apparel after his relocation to Las Vegas and Defendant Lindsey was no longer permitted to print apparel. (Compl. ECF No. 1 at ¶¶ 34-35). Nevertheless, Defendant Lindsey began printing Work Or Don't Eat apparel without permission, including products Work Or Don't Eat, LLC does not sell, and posting pictures to social media that were contrary to the mission statement. (*Id.* at ¶¶ 36-37). Defendant Lindsey's email account was removed on or about October 15, 2015, the bank account access was removed on or about January 5, 2016, and Plaintiff Seagears sent cease and desist letters through counsel to protect Plaintiffs intellectual property in March 2016 and May 2019. (*Id.* at ¶¶ 38-45).

Defendant Lindsey continues to infringe upon Work Or Don't Eat's intellectual property, marketing, branding, producing, and selling infringing products through the internet and social media channels. (*Id.* at ¶ 46). Consumers have been confused by Defendant Lindsey's actions as inquiries have been received for apparel produced by Defendant Lindsey that is not for sale by Work Or Don't Eat. (ECF No. 12-1, 3). Accordingly, Plaintiffs brought this lawsuit on July 3, 2019 alleging trademark infringement, false advertising, contributory trademark infringement, vicarious trademark infringement, conversion, and accounting. (ECF No. 1). Plaintiffs seek injunctive relief, destruction of Defendants' products bearing the false or infringing trademarks, an accounting, disgorgement of profits, damages, and attorneys fees and costs. (*Id.*).

## DISCUSSION

### I. Legal Standard

Federal Rule of Civil Procedure 55 governs default judgment. Rule 55 provides, in relevant part, that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." *See* Fed. R. Civ. P. 55(a). Upon the entry of default, the defaulted party is deemed to have admitted all well-pleaded allegations of fact contained in the complaint. *Benny v. Pipes*, 799 F.2d 489, 495 (9th Cir. 1986); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation - other than one relating to the amount of damages - is admitted if a responsive pleading is required and the allegation is not denied."). "However, a 'defendant is not held to

admit facts that are not well-pleaded or to admit conclusions of law.'" *DirecTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. Cal. 2007) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, in determining whether to enter judgment on the default, the court must determine whether the well-pleaded allegations in the complaint support the relief sought. *See* 10A Wright, Miller & Kane, Federal Practice and Procedure § 2688 (3d ed.) ("[L]iability is not deemed established simply because of the default . . . and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability.").

Ultimately, "[i]f the court determines that the allegations in the complaint are sufficient to establish liability, it must then determine the 'amount and character' of the relief that should be awarded." *Landstar Ranger, Inc. v. Parth Enters., Inc*., 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010) (citation omitted). A court has wide latitude and discretion in determining the amount of damages to award upon default judgment. *Elektra Entertainment Group, Inc. v. Crawford*, 226 F.R.D. 388, 394 (C.D. Cal. 2005) (citation omitted). While the court may conduct an evidentiary hearing to determine damages, it is not required to do so, but may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. Fed. R. Civ. P. 55(b).

The choice as to whether a default judgment should be entered is within the sole discretion of the trial court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Default alone does not entitle a plaintiff to court-ordered judgment. *Id*. Instead, courts look at several factors before rendering a decision on default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). These factors are: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id*.

1. ***Eitel* Factors**

All of the *Eitel* factors, except for the policy favoring decisions on the merits, favor granting a default judgment in this instance. Plaintiffs would be prejudiced if unable to protect

their trademark rights.  There does not appear to be other viable recourse to recoup damages for the alleged trademark law violation.

The Complaint states a plausible claim for relief and sets forth sufficient factual detail to enable the determination of whether the claims are meritorious.  As for the first claim, to state a claim for trademark infringement under the Lanham Act, 15 U.S.C. 1114(1)(a)-(b), a plaintiff must establish that: (1) it has a valid, protectable interest in the mark; and (2) defendant's use of the mark is likely to cause confusion to a consumer about the origin of the mark.  *OTR Wheel Engineering, Inc. v. W. Worldwide Servs., Inc*., 897 F.3d 1008, 1022 (9th Cir. 2018).  Plaintiffs have a valid, protectable interest in their trademarks because they attached proof of their mark registration and no defense has been raised to the legitimacy of the mark.  Further, Plaintiffs have established that reasonably prudent consumers are confusing the marks used by Defendant Lindsey.  *See AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979)).  The Court finds the trademark infringement claim is meritorious.

The Court also finds the false advertising claim is meritorious.  Plaintiffs must establish: (1) a false statement of fact by defendant in a commercial advertisement about its own product; (2) the advertisement deceived or could have deceived a "substantial segment of their audience;" (3) that deception is material because it is likely to influence a purchasing decision; (4) defendant caused its falsely advertised goods to enter interstate commerce; and (5) plaintiff has been or is likely to be injured because of the preceding through diversion of sales or through diminishing the "good will which its products enjoy with the buying public." *Cook, Perkiss and Liehe Inc. v. N. Cal. Collection Servs. Inc*., 911 F.2d 242, 244 (9th Cir. 1990).  As previously stated, Plaintiffs have established that Defendant utilized trademarks without permission to sell apparel and maintains that property is rightfully Plaintiffs.  The Court finds this claim to be meritorious.

Contributory trademark infringement requires Plaintiffs to establish: (1) supply of a product and (2) knowledge of the direct infringement.  *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc*., 658 F.3d 936, 942 (9th Cir. 2011) (citing *Inwood Laboratories, Inc. Ives Laboratories, In*c., 456 U.S. 844, 854 (1982)).  Plaintiffs have shown that Defendant knew of

Plaintiffs product, volunteered his services to sell it, and then produced it without permission in violation of the trademark. The Court also finds this claim meritorious.

Conversion requires Plaintiffs to prove: (1) a defendant committing a distinct act of dominion or control over plaintiff's personal property, (2) defendant's dominion over plaintiff's property was inconsistent with a plaintiff's title to the property, and (3) defendant's act was in derogation of plaintiff's rights to the property. *Evans v. Dean Witter Reynolds, Inc*., 116 Nev. 598, 5 P.3d 1043 (2000). Plaintiffs have shown that Defendant sold and is continuing to sell products bearing the Work or Don't Eat trademark and the proceeds of those sales belong to Plaintiffs. The Court finds the conversion claim is meritorious.

The main issue with Plaintiff's Motion is that they do not have a sum certain for damages. As a result, the Court finds that Plaintiffs' request for an accounting to determine damages must be granted to determine the amount of damages to be entered. *See Reebok Int'l, Ltd. v. Marnatech Enterprises, Inc*., 970 F. 2d 552, 561 n. 11 (9th Cir. 1992) ("The Lanham Act provides for an equitable accounting of the defendant's profits."). Further, the recommended attorneys fees will be less and based on the calculation contemplated and authorized by statute as well as supported by the pleadings.

Given the sufficiency of the Complaint, the Court has little difficulty concluding that no genuine dispute of material fact would preclude granting of the motion. There is nothing to suggest that Defendant's failure to answer or otherwise respond is the result of excusable neglect. Based on the record, it appears that Plaintiffs' complaint was served in a manner consistent with Fed. R. Civ. P. 4. (ECF Nos. 5-6). Default was entered against Defendant on August 7, 2019 after he failed to respond. (ECF No. 8). Lastly, the policy favoring decisions on the merits is not, standing alone, sufficient to prevent default judgment.

**2. Requested Relief**

As provided in Rule 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Plaintiff, in its proposed order on default, requests damages as follows:

a. Defendant shall immediately cease selling any products in his possession bearing the name or trademark of Work or Don't Eat;

b. Defendant shall destroy all apparel products currently in his possession bearing the trade name or trademark of Work or Don't Eat;

c. Defendant shall immediately cease all production of apparel products bearing the name or trademark of Work or Don't Eat;

d. Defendant shall immediately cease stating to any person verbally or in writing that he is in any way connected to or works with Work or Don't Eat;

e. Within thirty (30) days of the Plaintiffs serving a copy of this Order upon Defendant, he must present records to Plaintiffs' counsel, located at 4270 S. Decatur Blvd., Suite A-9, Las Vegas, NV 89103, including all bank account records, sales records, ledgers, and receipts of sales either in-person or online of all items bearing the Work or Don't Eat name or trademark, in order to permit an accounting to occur to determine monetary amounts owed to Plaintiffs by Defendant;

f. At the same time Defendant produces the documents in the preceding paragraph to Plaintiffs' counsel, he must produce a report under 15 U.S.C. § 1116(a) explaining what he has done to comply with this Order of the Court;

g. Within sixty (60) days of Defendant providing the documents required in Paragraph 5 directly above, Plaintiffs may submit a Motion to Amend the Judgment entered today in order to obtain additional monetary relief for Defendant's infringement. The Plaintiffs may also move at that time for the added attorney's fees and costs incurred through service of this Order and enforcement thereof; and

h. Defendant owes the Plaintiffs the amount of $18,801.25 in attorney's fees and $952.85 in costs and the Clerk shall immediately enter this amount as a monetary judgment against Defendant.

The Court will recommend that the proposed order be adopted with the exception of the final subsection (h).  Instead of $18,801.25 in attorney's fees, the Court will recommend that an award of fees and costs of $15,993.85 be entered as set forth below.

**3. Fees and Costs**

Plaintiff requests $18,801.25 in attorneys' fees for 260.80 hours of work at a rate of $350.00 per hour for partners and $130 for the paralegal with a multiplier of 1.25.  (ECF Nos. 10-6 and 10-7).  In the Ninth Circuit, the starting point for determining reasonable fees is the calculation of the "lodestar," which is obtained by multiplying the number of hours reasonable expended on litigation by a reasonable hourly rate. *See Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987).  The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Camacho v. Bridgeport Financial, Inc.,* 523 F.3d 973, 978 (9th Cir.2008) (internal quotations and citation omitted).  In calculating the lodestar, the court must determine a reasonable rate and a reasonable number of hours for each attorney. *Chalmers v. City of Los Angeles,* 796 F.2d 1205, 1210 (9th Cir.1986), *reh'g denied, amended on other grounds,* 808 F.2d 1373 (9th Cir.1987).  The lodestar is deemed to be presumptively reasonable, though the district court has the discretion to consider and upward or downward adjustment.

The Court finds that Plaintiffs requested multiplier of 1.25 for the amounts billed by counsel is not warranted in this matter.  Plaintiffs' lodestar request acknowledges that this case did not present any new or novel legal issues. (ECF No. 10-6, 4-5).  The only justification for the requested multiplier is that counsel believe their rates are lower than awards in similar cases.  They only cite to one case, *ITEX Corp v. Global Links Corp.*, Case No. 2:14-cv-57-RCJ-NJK (D. Nev. May 7, 2015), which the Court does not agree is similar enough as it was adjudicated on the merits through a summary judgment motion, and the Court does not agree that $350.00 per hour is well below the reasonable market rate in this market to warrant the 1.25 multiplier.  As a result, the Court will find the hours reasonable and the rates requested reasonable, but decline to recommend that a multiplier be applied.  The Court recommends that an award of fees and costs

of $15,993.85 be entered, which is the total fees and costs expended as represented by Plaintiffs' billing records. (ECF No. 10-7).

**RECOMMENDATION**

IT IS HEREBY RECOMMENDED that Plaintiffs' Motion for Default Judgment (ECF No. 10) be granted in part and denied in part as stated above.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: January 15, 2020.

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE